Motion GRANTED conditioned upon the timely filing of a waiver of speedy trial.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:13-00234 |
| | ) | JUDGE TRAUGER |
| | ) | |
| **DANIEL SCHUSTER** | ) | |

## MOTION TO CONTINUE JANUARY 24 TRIAL

Through counsel, defendant Daniel Schuster moves to continue his January 24, 2017, trial, by approximately 120 days. Mr. Schuster is released on bond pending trial and remains gainfully employed.

In support of this motion, Mr. Schuster would show the following: As reflected in previous motions, Mr. Schuster faces a mandatory minimum sentence of 15 years if convicted as charged. The facts and circumstances of this matter are highly atypical, in terms both of the offense facts and of the remote nature of Mr. Schuster's prior convictions.

The parties continue to engage in ongoing meetings and discussions in an effort to reach an agreed resolution. Additional time will allow the parties to pursue several potential agreed resolutions.

The parties are continuing to investigate whether Mr. Schuster's potential sentencing exposure, based on his prior convictions, is impacted by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and the constantly developing post-*Johnson* case law. For example, Mr. Schuster has prior convictions for Tennessee burglaries, and the *en banc* United States Court of Appeals for the Sixth Circuit will be considering whether Tennessee's burglary statute is divisible and whether it meets the generic definition of burglary, in *United States v. Stitt*, No. 14-6158. The *Stitt* decision potentially could eliminate some of Mr. Schuster's prior convictions as qualifying predicate offenses under the Armed Career Criminal